# NO. 24-1708

# In The
# United States Court Of Appeals
### For The
# Fourth Circuit

**ROD JENKINS,**

*Plaintiff – Appellant,*

v.

**VALLEY HEALTH SYSTEM,**

*Defendant – Appellee,*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA AT HARRISONBURG**

---

**BRIEF OF APPELLANT**

---

E. Scott Lloyd
LLOYD LAW GROUP, PLLC
15 Chester Street
Front Royal, VA  22630

*Counsel for Appellant*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. _____        Caption: _____

Pursuant to FRAP 26.1 and Local Rule 26.1,

_____
(name of party/amicus)

_____

 who is _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity?    YES    NO

2. Does party/amicus have any parent corporations?    YES    NO
   If yes, identify all parent corporations, including all generations of parent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?    YES    NO
   If yes, identify all such owners:

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?     YES   NO
   If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question)     YES   NO
   If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding?     YES   NO
   If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7. Is this a criminal case in which there was an organizational victim?     YES   NO
   If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: _E. Scott Lloyd_____     Date: _____

Counsel for: _____

- 2 -

## Table of Contents

STATEMENT OF JURISDICTION..................................................................................3

STATEMENT OF THE ISSUES.....................................................................................3

STATEMENT OF THE CASE.........................................................................................3

SUMMARY OF ARGUMENT.........................................................................................4

ARGUMENT .....................................................................................................................5

   I.   Standard of Review................................................................................................5

   II.   Mr. Jenkins Stated a Plausible Claim for Failure to Accommodate.....................5
      a. The Text of Title VII Does Not Include a Requirement that Religious
      Believers Explain Why Their Religious Beliefs Conflict with a Work
      Requirement ......................................................................................................7
      b. Case Law Interpreting Title VII Does Not Include a Requirement that
      Religious Believers Explain Why Their Religious Beliefs Conflict with a Work
      Requirement.....................................................................................................7

CONCLUSION ..................................................................................................................9

REQUEST FOR ORAL ARGUMENT......................................................................... 10

CERTIFICATE OF COMPLIANCE............................................................................ 10

## Table of Authorities

**Cases**

*Chalmers v. Tulon Co.*,
   101 F.3d 1012 (4th Cir. 1996) ................................................................... 6, 7

*United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency,*
   745 F.3d 131 (4th Cir. 2014) ........................................................................5

**Statutes**

x

§2000e-2 ................................................................................................................9

28 U.S.C. § 1291 ....................................................................................................2

42 U.S.C. §2000e ..................................................................................................8

42 U.S.C. §2000e-2 ..............................................................................................8

**Other**

EEOC ............................................................................................................. 3, 6

Fed. R. App. P. 32(f) (cover page, disclosure .................................................13

Federal Rule of Civil Procedure Rule 12 .........................................................5

Id. ...........................................................................................................................3

## STATEMENT OF JURISDICTION

This Court has appellate jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

Is it enough for a religious believer to state that he has a religious objection to a work requirement in order to receive protection under Title VII of the Civil Rights Act, or must he also show how that religious objection conflicts with the work requirement?

## STATEMENT OF THE CASE

Defendant-Appellee Valley Health System ("Valley Health") imposed a vaccine requirement on its workforce in the summer of 2021. JA004. The Requirement included the possibility that employees could apply for and receive a religious accommodation. JA005. Plaintiff-Appellant Rod Jenkins submitted three different religious accommodation requests, including a notarized submission stating, "I, Rodney D. Jenkins, the undersigned, do hereby swear and affirm that I am a member of a recognized religious organization, and that the immunizations required by Valley Health are contrary to my religious tenets and practices." JA006.

As part of the form that Valley Health later designated for the purpose of religious accommodation requests related to the vaccine, Mr. Jenkins certified that "it is a tenant or practice of my church, religious organization, or religious beliefs not to receive the Covid-19 vaccination." *Id.* He also added as another part of the form that "I Do Not Agree In Fetal Cells Therapy." [sic]. *Id.*

Valley Health denied these accommodation requests without any meaningful interactive process and fired Mr. Jenkins. JA007-0008. Mr. Jenkins filed a complaint with the EEOC and then initiated this litigation in the Western District of Virginia after receiving his Notice of Right to Sue. JA009.

Valley Health filed a Motion to Dismiss, which the District Court granted on June 28, 2024, finding that Mr. Jenkins did not adequately state a claim for failure to accommodate religious beliefs or for retaliation under Title VII of the Civil Rights Act of 1964. JA077-088.

The District Court found that Mr. Jenkins was not specific enough in his accommodation request to receive protection. Citing a District Court out of New Jersey, the Court found that "Jenkins must show how receiving the COVID-19 vaccine would violate his beliefs. Conclusory allegations that a belief is religious are insufficient; rather, a plaintiff must allege *how* his objection is based upon a *religious* belief." JA088 (citations omitted; cleaned up).

The District Court also found that Mr. Jenkins's activities were not sufficiently oppositional to warrant protection under the retaliation prohibitions in the Civil Rights Act. JA092.

## SUMMARY OF ARGUMENT

The District Court failed to apply the proper standard for failure to accommodate religious belief under Title VII of the Civil Rights Act. To the extent

that it applied any standard, it added an additional "show how" requirement to the first element of a *prima facie* case for failure to accommodate religious belief under Title VII of the Civil Rights Act of 1964. Such a requirement is foreign to the text of the statute and to authoritative case law interpreting it.

## ARGUMENT

### I. Standard of Review

When reviewing a motion to dismiss on appeal under Federal Rule of Civil Procedure Rule 12(b)(6), the Fourth Circuit reviews under the *de novo* standard, evaluating "whether the complaint states a claim to relief that is plausible on its face." *United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (citations and internal quotations omitted). The Court construes facts in the light most favorable to the plaintiff, and draw all reasonable inferences in his favor, although the Court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. Nor does the court credit allegations that offer only naked assertions devoid of further factual enhancement. *Id.*

### II. Mr. Jenkins Stated a Plausible Claim for Failure to Accommodate

The District Court in its analysis noted that, in order to state a *prima facie* case of failure to accommodate religious belief under Title VII, a plaintiff must establish that (1) he has a bona fide religious belief that conflicts with an employment

requirement, (2) he informed the employer of this belief, and (3) he was disciplined for failure to comply with the conflicting employment requirement. *Chalmers v. Tulon Co.*, 101 F.3d 1012, 1019(4th Cir. 1996).

It is not clear from the body of its decision which of these elements the District Court found Mr. Jenkins failed to meet. It seems as though it is the first prong—that he had a bona fide religious belief. The Court provides a modified version of that element in a footnote, that it had concluded that "Jenkins failed to allege sufficient religious beliefs." JA087, note 2.

The Court acknowledges, however, that Mr. Jenkins stated that he communicated that he was "a member of a recognized religious organization" and that the COVID-19 vaccine was "contrary to [his] religious tenets and practices." JA088. The Court labels the statement that got us there "conclusory," however, and notes that Mr. Jenkins "did not identify or explain" his religious beliefs. *Id.* It sums up by citing *Aliano v. Twp. of Maplewood*, No. 22-cv-5598, 2023 WL 4398493, at *11 (D.N.J. July 7, 2023), to conclude that, "Jenkins must show how receiving the COVID-19 vaccine would violate his beliefs" to succeed in his claim. "Conclusory allegations that a belief is religious are insufficient; rather, a plaintiff must allege how his objection is based upon a religious belief." *Id* (citations omitted, cleaned up).

This is a standard, however, that is foreign to the text of Title VII and any authoritative case law interpreting it.

### a. The Text of Title VII Does Not Include a Requirement that Religious Believers Explain Why Their Religious Beliefs Conflict with a Work Requirement

The standard that the District Court embraced here has no basis in the text of the Civil Rights Act, which states that it is unlawful for an employer to "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's […] religion[.]" 42 U.S.C. §2000e-2(a).

The word "religion" is defined to "includ[e] all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to" a "religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. §2000e(j).

"Because of" is defined to prohibit making a protected characteristic, here religion, a "motivating factor" in an employment decision.

Nowhere in the statute is there any mention that a plaintiff must allege *how* a work requirement violates religious beliefs in addition to his mention *that* it violates his religious beliefs.

### b. Case Law Interpreting Title VII Does Not Include a Requirement that Religious Believers Explain Why Their Religious Beliefs Conflict with a Work Requirement

The Supreme Court, for its part, has found that it is not necessary for an employer to have knowledge of the employee's religious beliefs to be found to have violated Title VII. "It is significant that §2000e-2(a)(1) does not impose a knowledge

requirement […S]ome antidiscrimination statutes do[...] Instead, the intentional discrimination provision prohibits certain *motives*, regardless of the state of the actor's knowledge[…]an employer who acts with the motive of avoiding accommodation may violate Title VII even if he has no more than an unsubstantiated suspicion that accommodation would be needed." *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 773 (2015).

The standard that the District Court adopts takes us one hundred and eighty degrees in the opposite direction from the Supreme Court in *Abercrombie*. According to the Supreme Court, all an employer needs to incur liability is an "unsubstantiated suspicion that accommodation would be needed," and to "act with the motive of avoiding accommodation." In this case, we have both—Valley Health was on notice that an accommodation was necessary, and Mr. Jenkins had substantiated it with no less than a notarized affidavit. To import a "show how" requirement into Title VII only to get us so far as an "unsubstantiated suspicion" makes nonsense of the Supreme Court's authoritative treatment of religious accommodation. Where the District Court's standard is in conflict with the Supreme Court's, the District Court's standard must give way. There is no requirement that a religious believer show his employer how his religious beliefs conflict with a work requirement.

The notion that such a requirement actually exists becomes even less plausible when one considers what purpose such an explanation serves. The District Court admitted that this was not an inquiry about the sincerity of Mr. Jenkin's religious beliefs. JA087, note 2. Requiring a Plaintiff to "show how" his religious beliefs conflict with an employment requirement does not help the employer accommodate the believer. It does not help the employer perform an undue burden analysis, at least in this context. The requirement serves only to burden the proponent of a religious belief that the District Court acknowledges as sincere for its purposes.

To accept the District Court's standard would be to change the Fourth Circuit's standard as articulated in *Chalmers*: to establish a *prima facie* case, a plaintiff would have to show that he has a bona fide religious belief that conflicts with an employment requirement *and how that religious belief conflicts with the employment requirement*. That standard appears nowhere in *Chalmers*, nowhere in the text of Title VII, and it conflicts directly with Supreme Court Precedent.

## CONCLUSION

The District Court erred when it imported a "show how" requirement into the pleading standards for a *prima facie* case of failure to accommodate under Title VII. Whether Mr. Jenkins has a sincerely held religious belief and whether it conflicts with an employment requirement are the only existing requirements. This Court should overturn the District Court's ruling.

## REQUEST FOR ORAL ARGUMENT

Appellant requests oral argument.

/s/ E. Scott Lloyd
E. Scott Lloyd
Lloyd Law Group, PLLC
Va. Bar # 76989
15 Chester Street
Front Royal, VA 22630
(540) 823-1110
scott@lloydlg.com
*Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE

1. This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    this document contains 1625 words.

2. This document complies with the typeface requirements because:

    This document has been prepared in a proportional spaced typeface using Microsoft Word in 14-point Garamond.

This, the 30th day of September 2024.

Respectfully submitted,

/s/ E. Scott Lloyd
E. Scott Lloyd
Lloyd Law Group, PLLC
Va. Bar # 76989

15 Chester Street
Front Royal, VA 22630
(540) 823-1110
scott@lloydlg.com
*Counsel for Appellant*